UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 5:19-CR-160-KKC-MAS |
| JACKIE B. LOVE, | ) |
| Defendant. | ) |

### **REPORT AND RECOMMENDATION**

Defendant Jackie B. Love ("Love") filed a Motion to Set Bond alleging that his physical condition makes him highly susceptible to the recent outbreak of coronavirus. [DE 21]. The United States responded in opposition [DE 24], and Love filed a reply. [DE 25]. After reviewing the record in its entirety, the Court recommends Loves's motion be denied for the reasons stated below.[1]

### I.   ANALYSIS

In Love's initial motion, no statutory basis of release was cited. [DE 21]. His later reply, however, argues that he is eligible for pre-sentencing release pursuant to 18 U.S.C. § 3143(a)(2)(B)

---

[1] "Given that review of a detention order of a magistrate judge pursuant to 18 U.S.C. § 3145(b) is made by 'the court having original jurisdiction over the offense' and that [*United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010)] and § 3145(c) combine to allow for an appeal to the Court of Appeals after district court review, the undersigned has elected to issue a report and recommendation (instead of an order) concerning Defendant's motion to ensure an avenue for prompt review by the presiding District Judge." *United States v. Varney*, No. CRIM. 12-09-ART-HAI, 2013 WL 2406256, at n.2 (E.D. Ky. May 31, 2013).

and 18 U.S.C. § 3145(c).² [DE 25, at Page ID # 80]. § 3145(c) offers an appeal of a release or detention order. This appeal is for those persons "subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1)." 18 U.S.C. § 3145(c). The clause also demands that it be "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *Id.* Thus, the Court must first determine if there is an exceptional reason justifying release. Then, if that condition is met, the Court will have to adjudicate whether Love is "not likely to flee or pose a danger to the safety of any other person or the community if released" by clear and convincing evidence. *Id.* (citing the conditions of release set forth in 18 U.S.C. § 3143).

A. **EXCEPTIONAL REASONS**

Generally, exceptional reasons are "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Sandles*, 67 F. App'x 353, 354 (6th Cir. 2003) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991)). Though the Sixth Circuit lacks a rigid standard for determining exceptional reasons, the analysis does "require a fact-intensive, case-by-case evaluation." *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) (quoting *United States v. Miller*, 568 F.Supp.2d 764, 774 (E.D. Ky. 2008)). This district has found that an "immediate medical need—such as impending, required surgery" may constitute an exceptional reason, but "[a] chronic medical condition controlled by medication is

---

² Love's reply also mentions § 3143(a)(2)(B) as a means for his release, but he makes no showing of meeting the necessary (a)(2)(A) requirement under the statute. *See* 18 U.S.C. § 3143(a)(2) (demanding detention for particular crimes unless:
   "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; ***and***
   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." (emphasis added)).

generally not[.]" *United States v. Varney*, No. CRIM. 12-09-ART-HAI, 2013 WL 2406256, at *1 (E.D. Ky. May 31, 2013). Specifically, the court in *Varney* stated that "even when Defendant's medial conditions are serious" they are not exceptional if "they are not beyond the ability of the United States Marshals Service to manage." *Id.* at *5.

Love explains in his motion that he is "is 54 years old, is already highly susceptible to lung infections, and receives oxygen. He is also on a CPAP machine and receives nebulizer treatments." [DE 21, at Page ID # 56]. This, on its own, is not an exceptional reason. The Court must view these chronic medical conditions, however, in the light of the recent COVID-19 pandemic. At the time of this Order, there are more than 1.4 million cases and 89,162 deaths from the deadly virus.[3] The United States has not been spared, holding 429,264 of those diagnoses and losing 14,820 lives and counting.[4] Currently, the best preventative measure one can take to avoid the virus is to remain self-quarantined and practice "social distancing" or "physical distancing."[5] The World Health Organization warns that while any person can be infected, "[o]lder people, and people with pre-existing medical conditions (such as asthma, diabetes, heart disease) appear to be more vulnerable to becoming severely ill with the virus."[6] The Court is aware of the pandemic and takes the issue seriously.[7]

The Court finds that Love's specific health conditions concerning his lungs coupled with a worldwide pandemic is "unique" and "out of the ordinary" enough to pass threshold of an

---

[3] *Coronavirus Map: Tracking the Spread of the Outbreak*, NEW YORK TIMES, https://nyti.ms/2U4kmud (last visited April 9, 2020, 12:01 PM) (updating regularly).
[4] *Id.*
[5] CORONAVIRUS DISEASE (COVID-19) ADVICE FOR THE PUBLIC: MYTH BUSTERS, WHO.INT, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/advice-for-public/myth-busters (last visited March 23, 2020).
[6] *Id.*
[7] *See* Eastern District of Kentucky, General Orders 20-02, 20-03, and 20-04.

exceptional reason. Without question, detention facilities are implementing precautionary and monitoring practices in attempt to protect those in Love's situation. Yet, the Court cannot simply ignore the harsh reality that with each passing week, this unprecedented illness is taking more and more lives. Although not a full outbreak, at least one employee at the detention center Love is housed has tested positive for the coronavirus.[8] Again, the pandemic alone is not an exceptional reason. Love's physical ailments and age are not alone an exceptional reason. Together, however, these conditions prove a dangerous cocktail the Court will not ignore. In fact, other courts have recently found those in similar situations as Love meet the exceptional reasons requirement. *See e.g.*, *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had entered a guilty plea for a violent offense and had a documented respiratory condition, established "exceptional circumstances" under the § 3145(c) analysis).

The Court fully believes that those precautions by detention facilities are ordinarily sufficient, but COVID-19's fatality rate for those in Love's physical condition at his age justifies a further analysis of his release candidacy. Thus, the Court finds exceptional reasons to consider Love's release under § 3145(c).

B.   **RISK OF FLIGHT OR DANGER**

Having found an exceptional reason, 18 U.S.C. § 3145(c) requires the petitioner to meet the conditions of release set forth in § 3143(a)(1) or (b)(1). Love, who is requesting release pending sentencing, must adhere to § 3143(a)(1), which demands detention unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger

---

[8] *Fayette Jail Employee Positive for COVID-19. City Says No Need To Quarantine Inmates, Staff.*, Lexington Herald-Leader, https://www.kentucky.com/news/coronavirus/article241629626.html (last visited April 10, 2020).

to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Love offers little to show a that he is neither a risk of danger nor flight, beyond his previously mentioned failing health. His initial motion acknowledges that his "record is not great", but pivots to the notion that Love is "much older now and has obvious debilitating health issues, which no longer make him a flight risk." [DE 21, at Page ID # 56]. Specifically, Love notes that he was wheelchair bound and utilizing a portable oxygen tank in December, and that ankle monitoring could "ensure his whereabouts" if released. [*Id.*; DE 25, at Page ID # 80].

The Court agrees that Love's history is not great. On December 19, 2019, Love pleaded guilty to five counts of Hobbs Act robberies, all of which require the "wrongful use of force, violence, or fear." [DE 17 (Plea Agreement); DE 16 (Rearraignment)]. Love stipulated to committing five robberies in April of 2019, each time threatening the victim with a firearm. [DE 17, at Page ID # 43]. The United States, in its response, highlighted that Love's criminal record includes forgery, fraudulent use of a credit card, and escape from a correctional facility while serving a state felony sentence. [DE 24, at Page ID # 68].

Overall, the Court cannot find clear and convincing evidence that Love is not a risk of flight or a danger to the community. Only a year ago, he admittedly committed a spree of violent robberies. His history indicates an escalating criminal history alongside patterns of untrustworthiness. Love's past escape from incarceration gives the Court little confidence that he is not a flight risk. This is only amplified by the fact that Love's primary argument for his lack of flight or danger is simply his inability to do so because of his health. While the Court is sympathetic to his health plights, the Court still has an obligation to protect the public from those who are dangerous and to see that those guilty of violence are reprimanded. It was only a year ago

that Love used force, violence, or fear to steal from the community. An ankle monitor is simply not enough to overcome a long-standing history of theft, violence, and absconding.

## II.     CONCLUSION

For the reasons stated in this decision, the Court **RECOMMENDS** that Love's Motion for Release be **DENIED.**

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 10th day of April, 2020.



Signed By:
Matthew A. Stinnett    MAS
United States Magistrate Judge